UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARRETH MURRELL, *et al.*,

       Plaintiffs,

    -against-

PRO CUSTOM SOLAR LLC d/b/a
MOMENTUM SOLAR, *et al.*,

       Defendants.
------------------------------------------------------------X

             **ORDER**
            19 CV 2656 (KAM) (CLP)

**POLLAK**, United States Magistrate Judge:

On May 6, 2019, plaintiffs Garreth Murrell, Tevin Brown, Kenneth Sapp, Raoul Gerdes, Chevon Riley, and Shaddon Beswick (the "New York plaintiffs") filed suit against corporate defendant Pro Custom Solar LLC, d/b/a Momentum Solar ("Momentum"), and Jessica Adams, Rajan Silberman, and Adam Murawski in their individual and professional capacities (collectively with Momentum, "defendants"), alleging wage and hour violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), on behalf of themselves and a putative collective class of similarly situated New York-based Field Installation Department employees (the "New York Subclass").[1] (ECF No. 1). On September 20, 2019, plaintiffs amended the complaint to add plaintiff Joseph Ashby; he joins in plaintiffs' collective FLSA claims and also alleges violations of the New Jersey Wage and Hour Law ("NJWHL") on behalf of himself and all other similarly situated New Jersey-based Field Installation Department employees (the "New Jersey Subclass").[2] (ECF No. 25).

---

[1] The Complaint also included claims of discrimination on the basis of race and retaliation, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). (ECF No. 1).
[2] Plaintiff Ashby did not allege claims of race discrimination or retaliation. (ECF No. 25).

On February 2, 2022, plaintiffs filed a Third Amended Complaint adding eleven new named plaintiffs.  (Compl.[3])  Currently, there are 18 named plaintiffs:[4]  Murrell, Brown, Sapp, Gerdes, Riley, Beswick, Ashby, Maurice Perry, Antwan Senior, Pablo Dominguez, Luis Taylor, Vaughn Burke, Andrae Brown, Antonio Zapata, Kevin Fowler, Morens Badiau, Giovanni Benjamin, and Christopher Mercure (collectively, "named plaintiffs").  On February 22, 2023, the Honorable Kiyo A. Matsumoto adopted a Report and Recommendation issued by the undersigned, denying plaintiffs' Motion for Class Certification and for Final Certification of the FLSA Collective Action without prejudice to renew.  (Electronic Order dated February 22, 2023).

Discovery has been proceeding slowly with numerous disputes.  Currently pending before this Court is plaintiffs' letter motion dated July 12, 2024.  (ECF No. 296).  For the reasons set forth below, the Court grants in part and denies in part the plaintiffs' motion.

DISCUSSION

In their July 12, 2024 letter motion, plaintiffs raise a number of issues relating to defendant Momentum's responses to plaintiffs' discovery requests.  (Pls.' Mot.[5])  Each will be addressed in turn.

A.  Plaintiffs' September 3, 2019 Demands

Plaintiffs state that they initially served discovery demands on defendant Momentum on September 3, 2019.  (Id. at 1).  Request Nos. 34 and 36 sought all documents relating to the named plaintiffs' and proposed class members' compensation, salary, incentive compensation,

---

[3] Citations to "Compl." refer to plaintiffs' Third Amended Class Action Complaint, filed on February 2, 2022.  (ECF No. 256).

[4] The Third Amended Complaint also contains factual allegations related to Daniel Papalia, an opt-in to the FLSA collective.  (Compl. ¶¶ 151-52).

[5] Citations to "Pls.' Mot." refer to plaintiffs' letter motion in response to the Court's July 8, 2024 Order, filed on July 12, 2024 (ECF No. 296).  Plaintiffs appended to their letter motion the three discovery demands discussed infra as Exhibits A, B, and C, respectively.

bonus and wage records, payroll records, W-2 forms, and total compensation statements, as well as the work schedules of plaintiffs, including timecards, time sheets, and punch receipts.  (Id. at 1-2).  In Request Nos. 35 and 37, plaintiffs requested the same information relating to the Proposed NYLL Class.  (Id. at 2).

In Request No. 43, plaintiffs also requested documents identifying the name, position/title, employment dates, salary/hourly pay rates, and time periods for each salary/hourly pay rate for all Proposed NYLL Class members.  (Id.)  Request No. 41 asked for documents identified in defendant's Rule 26(a)(1) initial disclosures, while Request Nos. 59 and 60 sought documents supporting and/or contradicting allegations in the Complaint or the Answer.  (Id. at 2-3).  Request No. 55 asked for documents relating to the manner in which defendant monitors and enforces compliance with employee wage and hour laws, including the FLSA and NYLL, and Request No. 56 asked for documents relating to defendant's document preservation/destruction policies.  (Id. at 2).

B.  Plaintiffs' October 16, 2019 Demands

According to plaintiffs' letter motion, plaintiffs served a second demand on October 16, 2019, seeking wage and hour documents relating to the New Jersey employees, including documents concerning plaintiff Ashby's compensation, salary, incentive compensation, bonus and wage records, payroll records, W-2 forms, and total compensation statements in Request No. 67, as well as the work schedules of plaintiff Ashby in Request No. 69.  (Pls.' Mot. at 3).  In Request Nos. 68, 70, and 71, plaintiffs also asked that the same categories of documents sought for the NYLL Proposed Class in the September 3, 2019 demands be provided for the Proposed NJWHL Class.  (Id.)  Plaintiffs also reiterated the request for documents relating to the manner in which defendant monitors and enforces compliance with employee wage and hour laws,

including the New Jersey Wage and Hour Laws (Request No. 78), and documents supporting or contradicting the allegations in the Amended Complaint (Request No. 80).  (Pls.' Mot. at 3-4).

Plaintiffs note that prior to the settlement conference held before this Court in April 2022, defendant had only produced 383 pages in discovery that "included some, but not all, compensation information" related solely to the initial six plaintiffs in the case.  (Id. at 4).  According to plaintiffs, prior to that time, "no relevant information about compensation paid or wage and hour documents showing time entries or hours worked, had been produced including for the 12 additional individually named [p]laintiffs."  (Id.)  Plaintiffs assert that it was only after the conference that defendants provided limited documents relating to the 18 named plaintiffs along with documents related to 22 randomly selected individuals who had filed Consents to join.  (Id.)

As a result, plaintiffs served supplemental document demands on January 29, 2024, including Request Nos. 4 and 5 which sought payroll records, W-2 records, and time records for all Named Plaintiffs and for all Opt-in Collective Members.  (Id. at 4-5).  Plaintiffs now complain that even though documents were required to be produced for all Opt-in Collective Members, defendant has never produced these records.  (Id. at 5).

In response, defendant Momentum filed a letter dated July 12, 2024, complaining that plaintiffs last communicated with defendant regarding outstanding discovery in 2022, and until plaintiffs' prior letter to the Court (ECF No. 295), defendant did not know that discovery was outstanding, nor did defendant know to which demands plaintiffs considered outstanding.  (Def.'s Resp.[6] at 1).  Momentum contends that it has no objection to providing whatever outstanding discovery remains.  (Id. at 2).

---

[6] Citations to "Def.'s Resp." refer to defendant Momentum's letter responding to plaintiffs' July 12, 2024 letter motion, filed on July 12, 2024 (ECF No. 297).

Given that plaintiffs have now identified the specific Requests for which they believe additional discovery is owed and defendants have had over two months since the filing of plaintiffs' letter motion to identify and provide any outstanding discovery, the Court Orders defendant to produce any remaining responsive documents by **November 1, 2024**, along with an Affidavit from someone with knowledge indicating that all responsive documents have been produced, no documents are being withheld for any reason, and no other documents exist.  Any documents not provided by **November 1, 2024** will be precluded from use at trial or in support of any further substantive motions.

    C.  Failure to Produce Witnesses

Plaintiffs complain that, until June 11, 2024, defendant Momentum had failed to produce a single witness for deposition.  (Pls.' Mot. at 5-6).  As of plaintiffs' July 12, 2024 letter, two Momentum witnesses in managerial positions were set to be deposed the following week (id.), but it is unclear whether those depositions went forward.  Plaintiffs further note that it was only through plaintiffs' insistence that defendant scheduled the depositions of plaintiffs, which were finally completed in April 2024.  (Id.)

With respect to plaintiffs' complaints regarding the delay in providing a Rule 30(b)(6) witness, defendant's response is nonsensical.  In its July 12, 2024 responsive letter, defendant represents that it is not delaying its Rule 30(b)(6) depositions, and that "[t]he depositions are scheduled to be held on March 18, 2024, a date agreed to by counsel for all parties."  (Def.'s Resp. at 2).  The Court assumes that defendant meant to state that the Rule 30(b)(6) depositions were set for July 18, 2024.  If that is the case, then the depositions should have been completed by now.  By **November 1, 2024**, the parties are Ordered to notify the Court whether these depositions are still outstanding and, if so, explain why.

5

D. <u>Sanctions</u>

Plaintiffs also ask that defendant Momentum be precluded from filing a dispositive

motion as a sanction for its failure to comply with its discovery obligations.  (Pls.' Mot. at 7

(citing Fed. R. Civ. P. 37(b)(2)(iii))).  Plaintiffs assert that Momentum has attempted to delay a

trial and judgment against it by delaying discovery, and that allowing Momentum to file a

motion for summary judgment will simply further prejudice plaintiffs by delaying the inevitable

trial, given that claims of hostile work environment are almost never determined on motion

because of disputed material issues of fact.  (<u>Id.</u>)

Plaintiffs also contend that defendant Momentum should be precluded from obtaining

additional time to "do anything that is to its legal benefit in this case" given its conduct, which

plaintiffs describe as "contumacious."  (Pls.' Mot. at 6).  Plaintiffs argue that because defendant

has failed to provide accurate time records, plaintiffs should be able to rely on their own

recollection and evidence from which the Court could infer the amount and extent of

uncompensated work.  (<u>Id.</u> (citing <u>Yang v. ASBL Corp.</u>, 427 F. Supp. 2d 327, 335-36 (S.D.N.Y.

2005); <u>Reich v. Southern New England Telecomms. Corp.</u>, 121 F.3d 58, 66-67 (2d Cir. 1997))).

At this time, the Court declines to issue a sanctions Order precluding defendants from

filing a motion for summary judgment and/or submitting evidence in opposition to plaintiffs'

own testimony regarding their recollection of uncompensated work.  As set forth above, if

defendant Momentum fails to provide records relating to any plaintiffs on or before **November**

**1, 2024**, defendant will be precluded from later offering documents not previously provided, and

plaintiffs may then rely on their own recollection of hours worked and amounts paid.

E. <u>Discovery Demands Directed to Plaintiffs</u>

Plaintiffs also seek an Order denying any additional discovery propounded by defendant. (Pls.' Mot. at 7). Specifically, plaintiffs note that defendant issued new demands from plaintiffs for additional documents on July 11, 2024. (Id.) Plaintiffs contend that these requests were "submitted after the close of discovery, are frivolous[7] and objectionable as a matter of law, and seek information that Defendant Momentum simply failed to obtain." (Id. at 8). Among other things, Momentum is seeking post-employment information six and seven years after plaintiffs left Momentum. (Id.) Plaintiffs contend that post-employment information is not relevant and discoverable in a discrimination case, it is not relevant to the wage and hour claims, and plaintiffs have already provided compensation information. (Id.) Moreover, plaintiffs contend that after delaying the plaintiffs' depositions, defendant's counsel obtained "extensive information" regarding plaintiffs' post-employment records during depositions and had ample time to seek additional information after the depositions but waited until after the close of discovery to do so. (Id.)

According to plaintiffs, the earliest plaintiff deposition was taken on December 8, 2021. (Pls.' Mot., Ex. F). Thereafter, defendant Momentum did not depose any of the other plaintiffs until 2023. (Id.) Between February 6, 2023 and December 19, 2023, defendant deposed 12 plaintiffs, with the remaining five plaintiffs being deposed between February 1, 2024 and April 24, 2024. (Id.)

In response, defendant represents that, despite the completion of many of the depositions prior to 2024, its recent supplemental demand was made all at once at the request of plaintiffs' counsel, who previously asked that any further document demands be made at once instead of piecemeal. (Def.'s Resp. at 2). Defendant concedes that the documents requested primarily

---

[7] As an example of a "frivolous" request, plaintiffs point to the request to one of the plaintiffs asking for a copy of the Consent form that is actually filed on the docket. (Pls.' Mot. at 8, n.8).

relate to plaintiffs' employment and earnings records. (Id.) Defendant also contends that because the depositions of the individual defendants were "only completed on June 26, 2024," Momentum's requests were timely and in accordance with plaintiffs' request. (Id.)

What defendant does not explain is why, if the final plaintiff deposition was taken on April 24, 2024, it took Momentum two and a half months to propound requests that defendant concedes primarily relate to plaintiffs' employment and earnings records. Although defendant notes that the depositions of the individual defendants were "only completed on June 26, 2024" (id.), this does not excuse the lengthy delay in requesting post-deposition discovery related largely to plaintiffs' depositions. Given the marginal relevance, if any, of the requested discovery, coupled with the delay, and the burden on plaintiffs to provide such information for the named plaintiffs and opt-ins, the Court grants plaintiffs' request for an Order relieving them of the obligation to respond.

F.  Sanctions Against Defendant Momentum Based on Its Failure to Answer the Third Amended Complaint

Lastly, plaintiffs also request permission to file a motion for default against Momentum for its failure to file an Answer to the Third Amended Complaint. (Pls.' Mot. at 9 (citing City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011))). On February 2, 2022, plaintiffs filed their Third Amended Complaint. (ECF No. 256). Defendant Momentum sought a pre-motion conference with the district court in order to file a motion to dismiss and compel arbitration. (ECF No. 257). Following that pre-motion conference, the district court denied defendant's motion to dismiss and compel arbitration without prejudice and Ordered the parties to first engage in discovery relating to the execution of the arbitration agreements. (Minute Order dated March 7, 2022). The district court also referred the case to the undersigned to conduct a settlement conference (id.), which was initially held on April 14, 2022 and

continued on May 16, 2022, without success.  (See Minute Entry dated April 18, 2022; Minute Entry dated May 16, 2022).  Thereafter, the parties engaged in motion practice relating to plaintiffs' motion to certify the FLSA collective and a Rule 23 Class Action.  (See ECF Nos. 268-273).  Defendant Momentum never filed an Answer.

Plaintiffs contend that the answers to the first two complaints are no longer operative, and although the individual defendants requested an extension of time to answer the Third Amended Complaint, defendant Momentum never sought an extension nor did it respond to the Third Amended Complaint, even after the issue of Momentum's failure to answer was addressed in this Court's Order of July 8, 2024, which directed the parties to submit a joint status report, *inter alia*, confirming whether plaintiffs intended to seek sanctions for Momentum's failure to answer. (Pls.' Mot. at 9; Electronic Order dated July 8, 2024).  Thus, plaintiffs now seek authorization to file a motion for default judgment against defendant Momentum[8] based on Momentum's failure to answer, and they ask for a briefing schedule for this motion.  (Pls.' Mot. at 9-10 (citing Pelgrift v. 355 W. 51st Tavern Inc., No. 14 CV 8934, 2016 WL 817470, at *3 (S.D.N.Y. Feb. 23, 2016); Koch v. Rodenstock, No. 06 CV 6586, 2020 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), report and recommendation adopted, No. 06 CV 6586, 2010 WL 2010900 (S.D.N.Y. May 18, 2010))).  Defendant opposes, asking the Court to decline plaintiffs' request and instead "schedule a conference to address remaining outstanding discovery."  (Def.'s Resp. at 2).

Given that the Court has issued Orders related to the outstanding discovery issues above and given that plaintiff now seeks entry of default as a sanction for defendant's failure to Answer the Third Amended Complaint, the Court hereby Orders the following briefing schedule:

---

[8] Even though the three individually named defendants have not filed an answer to the Third Amended Complaint, they are not individually liable for the wage and hour violations.  (Pls.' Mot. at 9, n. 9).

9

plaintiffs' motion for default is due **November 8, 2024**; defendant's opposition is due **November 15, 2024**; and plaintiffs' reply, if any, is due **November 22, 2024**.

CONCLUSION

As stated above, by **November 1, 2024**, defendant Momentum is Ordered to produce any remaining responsive documents, along with an Affidavit from someone with knowledge indicating that all responsive documents have been produced, no documents are being withheld for any reason, and no other documents exist. Any documents not provided by **November 1, 2024** will be precluded from use at trial or in support of any further substantive motions. By **November 1, 2024**, the parties shall also notify the Court whether defendant's Rule 30(b)(6) depositions remain outstanding and explain why. Plaintiffs are relieved of their obligation to respond to defendant's post-deposition discovery demands. The parties shall abide by the briefing schedule for plaintiffs' motion for default as set forth above.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
         October 23, 2024

_____
          Cheryl L. Pollak
          United States Magistrate Judge
          Eastern District of New York