UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GARRETH MURRELL, *et al.*,

                Plaintiffs,

-against-

PRO CUSTOM SOLAR LLC, *et al.*,

                Defendants.
-----------------------------------------------------------X

**ORDER**
19 CV 2656 (KAM) (CLP)

**POLLAK**, United States Magistrate Judge:

On February 25, 2025, this Court ordered defendant Pro Custom Solar LLC, d/b/a Momentum Solar ("Momentum") to show cause for failing to comply with the Court's November 6, 2024, Order requiring Momentum to produce any remaining documents, including paystubs, by November 14, 2024. (ECF Order dated February 25, 2025).

At issue[1] are plaintiffs' requests for time and pay data, specifically paystubs, regarding the opt-in plaintiffs in this collective action. Plaintiffs sought this data to be able to certify their wage and hour claims. (ECF No. 329 at 2). On October 23, 2024, the Court ordered Momentum to produce, by November 1, 2024, the data plaintiffs requested and any remaining responsive documents, along with an affidavit indicating that all responsive documents and information in its possession had been produced. (ECF No. 301). Momentum requested more time to comply with the Court's Order and produce any outstanding paystubs (ECF No. 303), which prompted the Court to issue an Order on November 6, 2024, granting Momentum one more week, until November 14, 2024, to comply. (ECF Order dated November 6, 2024).

---

[1] The Court notes that this case is now in an advanced settlement posture, with a Motion for Final Settlement Approval pending before the district judge (ECF No. 350).

1

I.  The Parties' Arguments

In a letter addressed to the district judge on February 4, 2025, plaintiffs had argued that Momentum should be "severely sanctioned for its intentional refusal to produce" the requested time and pay documents. (ECF No. 329 at 1). Plaintiffs acknowledged that Momentum had, in response to the Court's November 6, 2024, Order, produced copies of paystubs for some of the opt-in plaintiffs and declared that it had produced copies of all paystubs in its possession. (Id. at 2). However, these documents included Microsoft Excel spreadsheets labeled "time card" and "pay history" for 115 of the 122 named plaintiffs and opt-in plaintiffs, and Excel spreadsheets labeled "paycheck summaries" for 42 of the named plaintiffs and opt-in plaintiffs. (Id.) Since these spreadsheets are internally generated, editable documents, plaintiffs perceived them as having been generated for litigation purposes. (Id.) Plaintiffs claimed that the spreadsheets were therefore unreliable and that the plaintiffs would need to testify at trial to substantiate their claims. (Id.) Plaintiffs also claimed there were discrepancies between the Excel spreadsheets, as well as "inherent" reliability issues regarding the requested records themselves. (Id.) As a result, plaintiffs argued that, even after the Court-ordered November production by Momentum, they still lacked the complete wage and hour information requested. (Id.)

On February 25, 2025, the Court ordered defendant Momentum to show cause for failing to comply with the Court's November 6, 2024, Order requiring Momentum to produce any remaining documents by November 14, 2024. (ECF Order dated February 25, 2025). The Court issued a briefing schedule (id.), and Momentum submitted a Memorandum in Opposition to the Order to Show Cause (ECF No. 341 at 1), but plaintiff never submitted a response. In its Memorandum, Momentum contends that they produced the requested data and complied with the Court's Order "in full." Momentum argues that if plaintiffs had, in their initial discovery

2

requests, indicated the particular type of report or fields they required for pay history data, Momentum may have been able to run a report "to their requested specifications" back in 2019. (Id. at 2). Momentum notes that the 2019 discovery requests "did not include Opt-in Plaintiffs or putative FLSA class members," nor did plaintiffs request payroll records, W-2 records, and time records for the FLSA opt-in plaintiffs at that time. (Id.) Only years later, in January 2024, did plaintiffs make those specific requests, and again without specifying any particular format for those records. (Id. (citing ECF No. 296)). In response to those January 2024 requests, Momentum explained that it had used its payroll software and archived files to create a timecard report and a pay history report for all plaintiffs and opt-in plaintiffs. (Id.) It was not until July 2024 that plaintiffs first raised any deficiencies in Momentum's responses regarding the time and pay data for the opt-in plaintiffs. (Id.)

Momentum argues that in response to the Court's Orders of October 23, 2024 (ECF No. 301) and November 6, 2024 (ECF Order dated November 6, 2024), Momentum produced time and pay documentation for all of the opt-in plaintiffs, including all paystubs in Momentum's possession, along with an affidavit from Momentum's Senior Vice President of Finance and Accounting, attesting to the same. (ECF No. 341 at 4). For 58 of the plaintiff employees, Momentum claims that the legacy systems that contained the paystubs are inaccessible "given the time that has passed since those Plaintiffs' separation from the company" (id. at 4-5), which is why the data was instead produced in the form of Excel spreadsheets created by Momentum. According to Momentum, plaintiffs did not raise any deficiencies with this production to Momentum, but alleged to the Court in their February 4, 2025, letter that the time and pay data had been manipulated and produced in the incorrect format. (Id. at 5). In response to those allegations, Momentum claims it did not alter or manipulate the data in any way, but rather, ran

3

Excel reports from its payroll system to provide the requested time and pay data, which Momentum claims is "identical to the information contained in the physical paystubs that are no longer in Momentum's possession." (Id. (citing Graziano Declaration ¶¶ 8-10)). Momentum argues that this type of production is "customary" and that plaintiffs' accusations are "unsupported." (Id. at 6). As mentioned, plaintiffs never submitted a response to Momentum's Memorandum, despite the Court's briefing schedule.

II. Analysis

It is clear that sanctions may be imposed upon a party or counsel who deliberately fails to comply with a court order. See, e.g., Penthouse Int'l, Ltd. v. Playboy Enters., Inc., 663 F.2d 371, 386 (2d Cir. 1981) (explaining that "[a] federal district court possesses broad inherent power to protect the administration of justice by levying sanctions in response to abusive litigation practices") (citing cases). Rule 37 of the Federal Rules of Civil Procedure is the primary, though not the exclusive, mechanism for enforcing a court's discovery orders. See, e.g., World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 158 (2d Cir. 2012) (explaining that "Federal Rule of Civil Procedure 37 governs the district court's procedures for enforcing discovery orders and imposing sanctions for misconduct"). Rule 37 provides in relevant part that "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The willfulness and severity of the misconduct of the party to be sanctioned are determining factors in the Court's analysis regarding the severity of the sanction to be imposed. Trustees of Mosaic & Terrazzo Welfare, Pension, Annuity, & Vacation Funds v. Elite Terrazzo Flooring, Inc., No. 18 CV 1471,

4

2020 WL 1172635, at *6 (E.D.N.Y. Feb. 20, 2020), report and recommendation adopted by, 2020 WL 1166616 (E.D.N.Y. Mar. 11, 2020).

In light of the above, the Court concludes that the imposition of sanctions is inappropriate at this time, based on a finding that Momentum's conduct fails to rise to the level of willful disobedience of a Court Order. Momentum has explained its inability to provide documents beyond those already provided – namely, the individual paystubs of certain opt-in plaintiffs – and has provided affidavits, in compliance with the Court's Order, attesting that Momentum has produced all responsive documents in its possession and that it has not withheld any records willfully or inadvertently. (ECF No. 341-5 at 3; ECF No. 341-4 at 5). What is more, plaintiffs have not responded to or challenged Momentum's Memorandum, despite being given an opportunity to do so and despite Judge Matsumoto's reminder that the Court's deadlines for briefing the issue of sanctions were not impacted by the adjournment of pretrial deadlines. (ECF Order dated March 11, 2025). Accordingly, at this time, the Court finds no basis to impose sanctions on defendants or counsel.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 19, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York